IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

MARINO DAVID, JR.,                    )     CIVIL NO. 23-00416 SOM/KJM
                                      )
          Plaintiff,                  )     ORDER DISMISSING COMPLAINT;
                                      )     ORDER DENYING AS MOOT
     vs.                              )     APPLICATION TO PROCEED *IN*
                                      )     *FORMA PAUPERIS* AND REQUEST
THOMAS NAYLOR, and                    )     FOR APPOINTMENT OF COUNSEL
KE NUI KITCHEN,                       )
                                      )
          Defendants.                 )
_____       )

**ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO
PROCEED IN FORMA PAUPERIS AND REQUEST FOR APPOINTMENT OF COUNSEL**

**I.        INTRODUCTION.**

          On October 11, 2022, Plaintiff Marino David, Jr., filed

an Employment Discrimination Complaint, an Application to Proceed

in District Court Without Prepaying Fees or Costs ("IFP

Application"), and a Request for Appointment of Counsel Under the

Civil Rights Act of 1964.  *See* ECF Nos. 1-3.  Pursuant to 28

U.S.C. §§ 1915(e)(2), this court has screened the Complaint and

determined that it fails to state a claim on which relief may be

granted.  Accordingly, the court dismisses the Complaint and

denies the IFP Application and request for appointment of counsel

as moot.

**II.       FACTUAL BACKGROUND.**

          David's Employment Discrimination Complaint names

Thomas Naylor and Ke Nui Kitchen as Defendants.  However, the

Complaint contains almost no factual allegations with respect to

those Defendants.  The Complaint alleges that David suffered

discrimination based on his race or color, his religion, and his sex.  However, nothing in the Complaint explains what Naylor did or why he should be held liable.

It appears that Ke Nui Kitchen employed David, who is over 40 years old, as a bartender.  On or about June 11, 2022, David and a woman named Lacie worked as bartenders for a wedding. It appears David believes Lacie was touching the tip jar mid-shift, instead of waiting until the end of the night to split the tips with David per company policy and bartending norms.  Lacie allegedly yelled profanity at David, which David says created a hostile work environment.  David seems to have thought Lacie made disparaging remarks about "locals" and Hawaiians, "saying that they are the worst people" and "the worst weddings to bartend for."  David told his supervisor Sadie of the issues.  David says that, instead of investigating the incident, Ke Nui Kitchen has not scheduled him for further work while he believes Lacie has been scheduled.  *See* ECF No. 1.

**III.      STANDARD.**

To proceed *in forma pauperis*, David must demonstrate that he is unable to prepay the court fees, and that he sufficiently pleads claims.  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).  The court therefore screens David's Complaint to see whether it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or

(3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (the *in forma pauperis* statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . .  Examples of the latter class . . . are claims describing fantastic or delusional scenarios.").

IV.      **ANALYSIS.**

There are almost no factual allegations concerning the named Defendants in David's Complaint, much less allegations supporting a viable claim against either Defendant.  As noted in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the factual allegations in a complaint, when assumed to be true, must be enough to raise a right to relief above the speculative level.  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  A complaint is required to

3

"state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677.

David's allegations are so limited and unclear that they do not indicate what claims are being asserted against the named Defendants and why. For that reason, David cannot be said to have asserted any viable claim and his Complaint is dismissed. David's IFP Application and request for appointment of counsel is denied as moot.

The court understands that David feels that his coworker, Lacie, was verbally abusive and may have stolen tips. But David has brought an employment discrimination complaint against Thomas Naylor and Ke Nui Kitchen. The allegations of his Complaint are insufficient to support claims against them. That is, David's Employment Discrimination Complaint does not clearly allege facts demonstrating what either Defendant did and why either should be liable to David. At best, David alleges that Lacie created a hostile work environment by verbally abusing him and making an isolated comment about "locals" and Hawaiians. But the Complaint does not allege that David is Hawaiian, only that he was on the receiving end of profanity.

4

While the Complaint alleges that Ke Nui Kitchen stopped scheduling him after he complained to his supervisor about the incident with Lacie, the allegations do not establish a viable claim for retaliation, as they fail to allege that Ke Nui Kitchen stopped scheduling him after he complained about a protected right.  That is, the Complaint appears to allege that David reported that Lacie had been verbally abusive and stealing tips, not that David made any report about racial, sexual, ageist, or religious discrimination or was terminated and not assigned to more work hours as a result of such a report.

V.        **CONCLUSION.**

David's Complaint is dismissed, and the IFP Application and request for appointment of counsel are denied as moot.  **The court grants David leave to file an Amended Complaint that states a viable claim no later than November 10, 2023.**  David may submit another IFP Application and request for appointment of counsel at that time.  Failure to file an Amended Complaint by November 20, 2023, as well as to pay the applicable filing fee or submit a new IFP Application, will result in the automatic dismissal of this action.

The court provides some guidance to David if he decides to file an Amended Complaint.  First, if David uses a court form from, he may, of course, submit additional pages.  Such forms are available at https://www.hid.uscourts.gov/court-forms/civil.  The

Clerk of Court is directed to send David Forms Pro Se 1 and 7, but the court notes that other forms may be more applicable and that David is not required to use a court form.

Second, David should identify each Defendant and state in simple language what each Defendant allegedly did and what statute, law, or duty was supposedly breached by the Defendant. In other words, David should allege facts with respect to what each Defendant allegedly did and what each Defendant should be held liable for.  If David seeks to hold either Defendant liable for Lacie's conduct, the Amended Complaint should explain why either Defendant is so liable.

Finally, David should articulate the relief he is seeking.  That is, if he is seeking monetary damages or prospective injunctive relief, he should say so clearly and identify the Defendant(s) from whom he is seeking such relief.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 13, 2023.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*David v. Naylor, et al.*, Civ. No. 23-00416 SOM/KJM; ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS AND REQUEST FOR APPOINTMENT OF COUNSEL